Alfred R. Fabricant (AF 8255)
Peter Lambrianakos (PL 5075)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Plaintiff

JUDGE CHIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/08

------------------------------------x

SAMSUNG ELECTRONICS AMERICA, INC.,

        Plaintiff,

v.

BRODY ENTERPRISES and EFRAIM BRODY,

        Defendants.

------------------------------------x

Civil Action No. 08 CIV 7200

ECF Case

Jury Demanded

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff Samsung Electronics America, Inc. ("Samsung"), having moved ex parte against Defendants, Efraim Brody and Brody Enterprises, for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of Samsung's federally registered trademarks as set forth in the Complaint in this action (the "SAMSUNG marks") and Samsung's trade dress, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

1.     Samsung is likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of the SAMSUNG marks in connection with the manufacture, importation, exportation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to toner cartridges (the "Counterfeit Products");

DOCSNY-323190v01

2. The continued manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Samsung, the goodwill of the SAMSUNG marks, and Samsung's customers if the relief requested is not ordered immediately and without notice to Defendants; and

3. The harm to Samsung from denial of the requested ex parte order outweighs the harm to Defendants' legitimate interests against granting such an order.

THEREFORE, IT IS HEREBY ORDERED that Defendants appear to show cause before this Court at Courtroom __11 A__, United States District Courthouse, 500 Pearl Street, New York, New York, on the 27th day of __August__, 2008 at __9:30__ a.m./p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them, pending the final hearing and determination of this action, from:

1. Using the SAMSUNG marks, and any variations thereof, in any manner, form, or medium likely to confuse consumers into mistakenly believing that Defendants or Defendants' business are authorized or sponsored by, or affiliated with, Samsung;

2. Using any reproduction, counterfeit, copy or colorable imitation of the SAMSUNG marks or Samsung's trade dress to identify any goods or their packaging not authorized by Samsung;

3. Using any false description or representation including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Samsung, or sponsored by or associated with Samsung, and from offering such goods into commerce;

DOCSNY-323190v01

4. Further infringing the SAMSUNG marks by manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Samsung bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the SAMSUNG marks or Samsung's trade dress;

5. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that products manufactured, distributed or sold by Defendants are in any manner associated with or connected with Samsung, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

6. Secreting, destroying, altering, removing, or otherwise dealing with unauthorized products or any books or records which contain any information relating to the manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized or counterfeit products which infringe the SAMSUNG marks and Samsung's trade dress; and

7. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs 1 through 6; and it is further

ORDERED that pending the hearing and determination of Samsung's motion for preliminary injunction, Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, from:

1.  Using the SAMSUNG marks, and any variations thereof, in any manner, form, or medium likely to confuse consumers into mistakenly believing that Defendants or Defendants' business are authorized or sponsored by, or affiliated with, Samsung;

2.  Using any reproduction, counterfeit, copy or colorable imitation of the SAMSUNG marks or Samsung's trade dress to identify any goods or their packaging not authorized by Samsung;

3.  Using any false description or representation including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Samsung, or sponsored by or associated with Samsung, and from offering such goods into commerce;

4.  Further infringing the SAMSUNG marks by manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Samsung bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the SAMSUNG marks or Samsung's trade dress;

5.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that products manufactured, distributed or sold by Defendants are in any manner associated with or connected with Samsung, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

6.  Secreting, destroying, altering, removing, or otherwise dealing with unauthorized products or any books or records which contain any information relating to the manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale,

advertising, promoting, renting, or displaying of all unauthorized or counterfeit products which infringe the SAMSUNG marks and Samsung's trade dress; and

7. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs 1 through 6; and it is further

ORDERED, that a bond shall be posted by Samsung in the amount of $10,000 which is deemed sufficient as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby, or as a result of a wrongful seizure or wrongfully attempted seizure; and it is further

ORDERED, that personal service of the Summons and Complaint and of this Order may be made on Defendants on or before __5 p.m. on 8/14/08__ and that such service be deemed sufficient service; and it is further

ORDERED, that Defendants' answering papers, if any, be filed with the Clerk of the Court and personally served upon Samsung's counsel, Dickstein Shapiro LLP, 1177 Avenue of the Americas, New York, New York, 10017 by no later than __8/20/08__, with any reply by Samsung to be filed and served by __8/25/08__; and it is further

ORDERED that pursuant to Rules 26, 30 and 34 of the Federal Rules of Civil Procedure, Samsung be given expedited discovery of Defendants with respect to the manufacture, import, export, production, distribution, circulation, sale, marketing, offering for sale, advertising, and promotion, of toner cartridges and other consumer products and consumables bearing the SAMSUNG marks or Samsung's trade dress, including discovery of the sources thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action, and that such discovery shall be served and ~~take place no later than~~ _____; and it is further

defendants shall respond to the discovery requests within four business days after service of the request.

DOCSNY-323190v01

ORDERED that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in the confirmation of the relief provided herein, immediate issuance of the preliminary injunction to take effect immediately upon the expiration or dissolution of the within temporary restraining order, and may otherwise extend for the pendency of this litigation upon the same terms and condition as comprise this temporary restraining order. Defendants are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED

DATED this 13th day of August, 2008

Hour: 12:25 a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____

UNITED STATES DISTRICT JUDGE

DOCSNY-323190v01